```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ASHLEY VILELLA, on behalf of herself, FLSA                         :
Collective Plaintiffs and the Class,                               :
                                                                   :
                                                                   :          23-cv-2291 (LJL)
                          Plaintiff,                               :
                                                                   :          MEMORANDUM &
                 -v-                                               :             ORDER
                                                                   :
PUP CULTURE LLC d/b/a PUPCULTURE,                                  :
PUPCULTURE DUMBO LLC d/b/a/ PUPCULTURE                             :
DUMBO, PUPCULTURE FIDI LLC d/b/a/                                  :
PUPCULTURE FIDI, PUPCULTURE TRIBECA LLC                            :
d/b/a/ PUPCULTURE TRIBECA, PUPCULTURE UWS                          :
LLC d/b/a/ PUPCULTURE WEST 57, JOHN DOE                            :
CORPORATION d/b/a PUPCULTURE SOHO, and                             :
IBRAHIM ALIMIMEH,                                                  :
                                                                   :
                          Defendants.                              :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/28/2023

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Ashley Villella ("Plaintiff") has filed this Class and Collective Action Complaint alleging that Defendants Pupculture LLC d/b/a Pupculture, its subsidiary corporations operating day care services for dogs under the common brand Pupculture, and its owner Ibrahim Alimeimeh (collectively, "Defendants" or "Pupculture"), have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, by failing to pay her and others similarly situated for all hours worked, including overtime hours. Dkt. No. 1. Plaintiff alleges that Defendants (1) engaged in impermissible rounding of time worked; (2) for a period of time, paid Plaintiff in cash at a straight-time rate rather than paying overtime; and (3) improperly shaved her time and that of her co-employees to reduce their compensable hours. Plaintiff has moved for an order conditionally certifying the case as a collective action under Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Dkt. No. 27. Defendants oppose the motion. Dkt. Nos. 33–39. Plaintiff anticipates moving for class certification pursuant to Federal Rule of Civil Procedure 23(b).

      Before the Court are motions from Plaintiff seeking an order (1) compelling class discovery, (2) requiring Defendant to produce the names and identifying information for members of the putative class, (3) permitting it to take the depositions of the employees whose declarations Defendants have submitted in opposition to conditional certification, and (4) directing Defendants not to communicate with putative class members. Dkt. Nos. 20, 42.

The Court heard oral argument on the motions on September 27, 2023. Plaintiff's motions are granted in part and denied in part.

I.     **Pre-Certification Class Discovery**

"'Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate,' considering the requirements set out in Rule 23." *Hernandez v. NHR Human Resources, LLC*, 2021 WL 2535534, at *18 (S.D.N.Y. June 18, 2021) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)); *see also Hegazy v. Halal Guys, Inc.*, 2023 WL 4405804, at *2 (July 7, 2023); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016). "At the same time, however, 'the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas.'" *Beaton v. Verizon New York, Inc.*, 2020 WL 6449235, at *2–3 (E.D.N.Y. Nov. 3, 2020) (quoting *Rahman*, 2007 WL 1521117, at *3).

Plaintiff's request for class document discovery is GRANTED because it is sufficiently modest not to be burdensome and sufficiently tailored to be relevant. The Court rejects the argument that, because Plaintiff also has moved for conditional certification of a collective action, limited class discovery must await a decision on that motion. Although that argument might have force where the requested discovery is more burdensome, it does not have weight with the limited discovery Plaintiff seeks here. During oral argument, Plaintiff modified its request for pre-certification discovery and now seeks a list of employees identifiable by employee ID or name, which will include each employee's job title, state of employment, store of employment, and length of employment. Plaintiff represented that it will then select 20% of the putative class and request records on those employees for a three-month period (which may include the last three months of the employee's employment), including paystubs and punch records. *See* Dkt. No. 20 at 1. Although Defendants opposes the request on the grounds that it covers 222 employees holding various positions across five different locations, *see* Dkt. No. 23 at 3, Defendants do not dispute that the records are centralized and can be readily produced. The requested information is relevant. Plaintiff asserts that it is necessary to show that the practices to which Plaintiff was subject were common policies and practices. Defendants do not contest that point. Defendants invoke the privacy concerns of the absent class members. Those concerns can be addressed by Defendants replacing the name of each employee with an identification number such that the identity of the employee will not be readily ascertainable.

The request for names or identifying information of putative class members is DENIED. "[C]ourts in this district have proved 'very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage.'" *Beaton*, 2020 WL 6449235, at *2–3 (quoting *Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010)). The prevailing view in this District is that set forth by Magistrate Judge Cott in *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474. *See id.* at 491–92. To ensure the privacy of putative class members and to protect against the risk of discovery being used improperly by counsel to troll for potential clients, pre-certification discovery of identifying information for putative class members is entertained only on a showing that such discovery is necessary for the plaintiff to support her assertions under Rule 23. *Id.* at 492; *see also Hegazy*, 2023 WL 4405804, at * 5; *Hernandez*, 2021 WL 2535534, at *19. Plaintiff has made no such

showing and thus Plaintiff's request for the information is denied.

## II.   Depositions of Defendants' Declarants

In their opposition to conditional certification, Defendants argue that Plaintiff's allegations are "refuted" by declarations that it submitted in connection with that opposition. Dkt. No. 33 at 7; *see also* Dkt. Nos. 35–39.  At the same time, however, Defendants resist the request that the declarants be deposed.  Dkt. No. 42 at 2–3.

At stage one of conditional certification, the Court's role is modest.  "'[T]he Court ought not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"  *Martinenko v. 212 Steakhouse Inc.*, 2022 WL 1227140, at *5 (S.D.N.Y. Apr. 26, 2022) (quoting *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018)); *see also Ruiz v. Truffa Pizzeria & Wine Room Corp.*, 2021 WL 568249, at *5 (S.D.N.Y. Feb. 15, 2021) (same).  The Court will not accept the statements in the declarations for their truth without allowing Plaintiff to challenge those statements.  At oral argument, Defendants were given the option of permitting those employees to be deposed or withdrawing the declarations without prejudice to their filing in connection with any motions made at the second stage of conditional certification, where the Court, assuming it has provisionally certified the class, "will, on a fuller record, determine whether a so-called 'collective action' may go forward."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  Defendants chose the latter option.  Accordingly, Plaintiff's motion to depose Defendants' declarants is DENIED AS MOOT.

## III.  Communication Between Defendants and Employees

Finally, the motion for an order restricting Defendants from communicating with potential opt-in members of a collective action is DENIED.  An order limiting Defendants, or their counsel, from communicating with Defendants' employees and former employees imposes "serious restraints on expression" and implicates First Amendment values.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103 (1981).  "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101.  In considering a request for such an order, a court must exercise caution and pay "attention to whether the restraint is justified by a likelihood of serious abuses."  *Id.* at 103–04.  It cannot be justified by "the mere possibility of abuses."  *Id.* at 104.

"The same principles that govern communications with putative class members in a class action under Rule 23 also apply to communications with potential opt-in plaintiffs in a collective action brought under the FLSA."  *OConner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593, 600 (S.D.N.Y. 2020) (quoting *Zamboni v. Pepe W. 48th St. LLC*, 2013 WL 978935, at *2 (S.D.N.Y. Mar. 12, 2013)).  "There is nothing inherently improper about a defendant in an FLSA action communicating with prospective opt-in plaintiffs, including to express its opinions about the litigation."  *Agerbrink v. Model Serv. LLC*, 2015 WL 6473005, at *7 (S.D.N.Y. Oct. 27, 2015), *vacated sub nom. on other grounds Agerbrink v. MSA Models*, 2017 WL 4876221 (S.D.N.Y. May 23, 2017) (collecting cases).  "[J]udicial intervention is warranted when communications pose 'a serious threat to the fairness of the litigation process, the adequacy of representation and

the administration of justice generally.'" *Id.* at *3 (quoting *Brown v. Mustang Sally's Spirits & Grill, Inc.*, 2012 WL 4764585, at *3 (W.D.N.Y. Oct. 5, 2012)). "A district court may prevent confusion and unfairness by prohibiting and correcting communication that is inaccurate, unbalanced, misleading, or coercive, or which improperly attempts to encourage class members not to join the suit." *Id.*

Plaintiff has not submitted evidence from which the Court can make the necessary findings. From the evidence before the Court, when Plaintiff identified certain witnesses through Plaintiff's declaration, Defendants reached out to those same witnesses to obtain their versions of events. Each declarant recites that he or she has made the declaration "voluntarily of my own free will," that the witness has "not been paid any compensation nor received any promises in exchange for my submission of this declaration," that the witness "understand[s] that it is a violation of federal law for Pupculture to, in any manner, retaliate against me for refusing to provide this declaration and for participating in Plaintiff's lawsuit against Pupculture," that the witness understands the relative roles of Plaintiff's counsel and Defendants' counsel, that the witness could potentially become part of a class and be entitled to monetary or other relief, and that the witness understands that the declaration is being used as part of Pupculture's defense and could be used against the witness's interest if the witness becomes a class member. Dkt. No. 35 ¶¶ 10–16; *see also* Dkt. No. 36 ¶¶ 11–17; Dkt. No. 37 ¶¶ 11–17; Dkt. No. 38 ¶¶ 10–16. The Court perceives no threat to the fairness of the litigation process or any improper conduct by Defendants.

## IV.   Conclusion

Plaintiff's letter motion is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to close Dkt. Nos. 40, 43.[1]

At oral argument, the Court set the briefing schedule for the outstanding papers on Plaintiff's motion to conditionally certify the class: Plaintiff's reply is due by October 2, 2023. If Plaintiff submits new evidence in connection with that reply, Defendants will be permitted to submit a motion to strike on or before October 10, 2023, and Plaintiff will be permitted to respond on or before October 13, 2023.

SO ORDERED.

Dated: September 28, 2023
      New York, New York

                                       LEWIS J. LIMAN
                                 United States District Judge

---

[1] The Court previously granted Plaintiff's letter motion to amend her complaint. Dkt. No. 46.