**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHLEY VILELLA, *on behalf of herself,* *FLSA Collective Plaintiffs and the Class,* | |
| Plaintiff, | **Case No.**: 23-cv-02291-LJL |
| v. | |
| PUP CULTURE LLC<br>        d/b/a PUPCULTURE,<br>PUPCULTURE DUMBO LLC<br>        d/b/a/ PUPCULTURE DUMBO,<br>PUPCULTURE FIDI LLC<br>        d/b/a/ PUPCULTURE FIDI,<br>PUPCULTURE TRIBECA LLC<br>        d/b/a/ PUPCULTURE TRIBECA,<br>PUPCULTURE UWS LLC<br>        d/b/a/ PUPCULTURE WEST 57,<br>JOHN DOE CORPORATION<br>        d/b/a PUPCULTURE SOHO,<br>and IBRAHIM ALIMIMEH, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND FOR SANCTIONS**

C.K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

## <u>TABLE OF CONTENTS</u>

EXHIBITS ........................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................... iii

II.     RELEVANT BACKGROUND ..............................................................................1

III.    A BINDING SETTLEMENT AGREEMENT HAS BEEN ESTABLISHED BETWEEN PLAINTIFF VILELLA AND DEFENDANTS.....................................................................4

IV.    CONCLUSION...................................................................................................9

## <u>EXHIBITS</u>

(All referenced Exhibits are attached to the Declaration of C.K. Lee)

**Exhibit A**     Defendants' Email to Plaintiff's Counsel regarding an Individual Settlement Offer for Plaintiff VILELLA's Individual Claims

**Exhibit B**     Proposed Settlement Documents Sent on December 15, 2023

**Exhibit C**     New Defendants' Counsel's Disavowal of the Agreed upon Settlement on January 29, 2024

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alvarez v. City of New York*, 146 F. Supp. 2d 327 (S.D.N.Y. 2001) .......................................... 6, 8

*Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825 (2d Cir. 2019)................ 5, 6

*Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241 (E.D.N.Y. 2002)............................ 4, 8

*Est. of Andrea Brannon v. City of New York,* 2016 U.S. Dist. LEXIS 31017 (S.D.N.Y. Mar. 10, 2016) ........................................................................................................................................ 7

*Gildea v. Design Distribs., Inc.*, 378 F. Supp. 2d 158 (E.D.N.Y. 2005) .................................... 4, 7

*Guardian Life Ins. Co. of Am. V. Calkins*, 2014 WL 61475 (S.D.N.Y. Jan. 6, 2014)................ 4, 8

*Guzman v. 26 Motors Corp. et al*, Case No. 1:23-cv-00283, Dkt. 27 (S.D.N.Y. June 1, 2023)..... 8

*Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 2005 WL 1377853 (S.D.N.Y. June 9, 2005) ............................................................................................................................................ 5, 9

*Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship,* 2016 U.S. Dist. LEXIS 168665 (E.D.N.Y. Dec. 5, 2016) .................................................................................................................................. 6

*Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship,* 2017 U.S. Dist. LEXIS 155241 (E.D.N.Y. Sept. 22, 2017) ................................................................................................................................ 6

*Lopez v. City of New York*, 242 F. Supp. 2d 392 (S.D.N.Y. 2003)............................................ 4, 7

*Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714 (2d Cir. 1974) ................................ 4

*Morales v. Bund Inc.*, 2023 U.S. Dist. LEXIS 185737 (E.D.N.Y. 2023) ...................................... 7

*Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146 (2d Cir. 2022) ......................................................... 5

*Teachers Ins. & Annuity Assoc. of Am. v. Tribune Co.*, 670 F. Supp. 491 (S.D.N.Y. 1987) ......... 9

*Tractebel Energy Mktg. v. AEP Power Mkt.,* 487 F.3d 89 (2d Cir. 2007).................................... 6

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985)............................................... 5, 6

Plaintiff ASHLEY VILELLA submits this memorandum of law in support of her motion to enforce the individual settlement agreement reached between the parties.

## I.   <u>RELEVANT BACKGROUND</u>

This class action was filed on March 17, 2023, with Plaintiff ASHLEY VILELLA ("Plaintiff VILELLA") as the named plaintiff, alleging that Defendants, PUP CULTURE, LLC d/b/a PUP CULTURE, PUPCULTURE, DUMBO LLC d/b/a/ PUPCULTURE DUMBO, PUPCULTURE FIDI LLC d/b/a/ PUPCULTURE FIDI, PUPCULTURE TRIBECA LLC d/b/a/ PUPCULTURE TRIBECA, PUPCULTURE UWS LLC d/b/a/ PUPCULTURE WEST 57, and JOHN DOE CORPORATION d/b/a/ PUPCULTURE SOHO ("Corporate Defendants"), and IBRAHIM ALIMIMEH ("Individual Defendant," and together with the Corporate Defendants, the "Defendants"), for violations of the Fair Labor  brings the Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff VILELLA brought the lawsuit on behalf of herself and all non-exempt employees including reception, pet groomers, kennel attendants, pet sitters, and dog walkers, among others, employed by Defendants within the last six (6) years of filing of the Complaint ("Covered Employees").

On May 23, 2023, the instant case was referred to mediation and a mediation conference was scheduled for June 23, 2023 before Mediator Darren Rumsack. *See* Dkt. 15.  On June 23, 2023, the parties before Darren Rumsack via video conference in an attempt to reach a settlement, however, discussions were unsuccessful. *See* Dkt. 19. The parties reported the unsuccessful mediation to the Court on July 7, 2023, and requested the case to proceed pursuant to the proposed case management order annexed to the joint letter. *See* Dkt. 17. The parties began exchanging discovery requests and documents around July 2023. On August 15, 2023, the Court scheduled a settlement conference to be held on September 22, 2023. *See* Dkt. 32. The parties attended the settlement conference on September 22, 2023, but were unable to reach a settlement at the

1

conference.

Shortly after the conference, on October 24, 2023, Defendants reached out to Plaintiff's counsel with a settlement offer to Plaintiff VILELLA.



See **Exhibit A,** annexed to the Declaration of C.K. Lee. On November 5, 2023, Plaintiff's counsel accepted Defendants' settlement offer, on Plaintiff VILELLA's behalf on an individual basis. *See* id. At the time, Defendants recognized the offer and acceptance of the individual settlement. *See* id. Plaintiff emailed Defendants proposed settlement documents, which set the settlement's non-material terms, for execution on December 15, 2023. *See* **Exhibit B**, annexed to the Declaration of C.K. Lee. Defendants did not execute the proposed settlement documents and finally, after a series of requests to proceed by Plaintiff, retained new counsel who disavowed the agreed-upon

individual settlement on January 29, 2024.

| | |
|---|---|
| **From:** | Ferdinand Fernandez <ferdinand.fernandezii.esq@gmail.com> |
| **Sent:** | Monday, January 29, 2024 3:57 PM |
| **To:** | Robert Kansao |
| **Subject:** | Re: Discovery Previously Opted In Plaintiffs |

Robert:
I have conferred with my client and prior counsel, we remain steadfast that no agreement was reached as a result of the addition of a new named plaintiff.

Sincerely,

Ferdinand Fernández II, Esq.
Law Office of Ferdinand Fernández II, LLC.
T:862.249.7975 F:862.367.8293

CONFIDENTIALITY NOTE:  The information contained in this email and the documents or files attached contain confidential and/or legally privileged information from the Law Office of Ferdinand Fernández II, LLC.  The information is intended only for the use of the individual or entity named on the within email or attachment.  If you are not the intended recipient, or the employee or agent responsible to deliver this document to the intended recipient, you are hereby notified that any disclosure, copying, distribution, dissemination or the taking of any action in reliance upon the contents of this email is strictly prohibited.  If you have received this email in error, please delete this email and notify this office immediately by telephone at the above number.

On Mon, Jan 29, 2024 at 12:44 PM Robert Kansao <robert@leelitigation.com> wrote:
 Do you have an answer on whether Defendants intend to repudiate the individual settlement of the Plaintiff Vilella.

 If there is a revocation, our office will move be moving to enforce.  We need Defendants' response.

 Thank you,

 Robert A Kansao
 Lee Litigation Group, PLLC
 148 West 24th Street, 8th Floor
 New York, NY 10011
 Robert@leelitigation.com
 Main: (212) 465-1180
 Direct: (646) 598-8286
 Fax: (212) 465-1181

*See* **Exhibit C**, annexed to the Declaration of C.K. Lee. The foregoing events are the basis of

Plaintiff's motion.

II.   **A BINDING SETTLEMENT AGREEMENT HAS BEEN ESTABLISHED BETWEEN PLAINTIFF VILELLA AND DEFENDANTS**

The parties reached an enforceable agreement on November 5, 2023, when Plaintiff's counsel unequivocally accepted Defendants' proposed settlement offer. "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Guardian Life Ins. Co. of Am. V. Calkins*, 2014 WL 61475, at *2 (S.D.N.Y. Jan. 6, 2014) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). There is no reason for Plaintiff VILELLA to continue to litigate when a satisfactory compromise has been reached. "Once a party agrees to the settlement terms, either orally or in writing, that party's later change of heart will not frustrate the agreement's enforceability." *Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241, 251 (E.D.N.Y. 2002). This Court should recognize that this case has been settled for the amount offered and accepted, and enforce the settlement agreement with any non-material terms to be set by the Court.

As detailed below, Courts will routinely enforce a settlement agreement reached between the parties in cases with facts nearly identical to those found here.  Specifically, Courts commonly enforce settlement agreements when all material terms have been set.  Here, it cannot be disputed that "[t]he most important term of a settlement agreement…the settlement amount" had been agreed to between the parties. *Gildea v. Design Distribs., Inc.*, 378 F. Supp. 2d 158, 161 (E.D.N.Y. 2005).  Courts have found all material terms present upon an agreement between the parties to resolve the case for a specific figure. *see also*, *Lopez v. City of New York*, 242 F. Supp. 2d 392, 394 (S.D.N.Y. 2003) (enforcing settlement where parties agreed to settlement amount but were negotiating terms that were neither substantial nor material).

To reach a determination on a settlement agreements enforceability, Courts consider the following factors, commonly known as the *Winston* factors:

4

> (1) Whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed in writing.

*Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 830 (2d Cir. 2019) (quoting

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)).

The first factor, whether there was an express reservation of right not to be bound in absence of writing, weighs in favor of enforcement:

> Under New York law, parties are free to enter into a binding contract without memorializing their agreement in a fully executed document. This freedom to contract orally remains even if the parties contemplate a writing to evidence their agreement. In such a case, the mere intention to commit the agreement to writing will not prevent contract formation prior to execution.

*Winston,* 777 F.2d at 80. Here, the parties' offer and acceptance was memorialized via their emails.  Moreover, in the offer extended by Defendants on October 24, 2023, Defendants never expressed a reservation of the right not to be bound until the execution of a more formal settlement agreement. The written correspondence between Plaintiff and Defendants was "a classic offer and acceptance," wherein Defendants proposed "the terms of the agreement," and Plaintiff accepted them, bringing negotiations to a close. *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 2005 WL 1377853, at *7 (S.D.N.Y. June 9, 2005).  A more elaborate formalization of an offer and acceptance is not needed for an agreement to be reached.  *See Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 150-51 (2d Cir. 2022) ("the parties [may] desire a more elaborate formalization of the agreement…although not necessary.") Thus, the first factor weighs in favor of enforcement.

The second factor, partial performance, also weighs in favor of enforcement. Partial performance includes drafting settlement paperwork following an agreement and ceasing all litigation activity. *Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship,* 2016 U.S. Dist. LEXIS 168665,

at *28-29 (E.D.N.Y. Dec. 5, 2016), report and recommendation adopted, 2017 U.S. Dist. LEXIS 155241 (E.D.N.Y. Sept. 22, 2017); *see also Conway v. Brooklyn Union Gas Co.,*, 236 F. Supp. 2d 241, 252 (E.D.N.Y. 2002) (partial performance where both sides discontinued litigation); *Alvarez v. City of New York*, 146 F. Supp. 2d 327, 336 (S.D.N.Y. 2001) (same).

Here, Plaintiff drafted the proposed settlement agreement and sent it to Defendants for comment, and during much of the intervening time a stay was entered by the parties. The material terms of the settlement are subject to judicial review and the Court can compel all auxiliary terms. The only material term at issue here was the settlement amount, which Defendants themselves recognized when they sent a settlement offer containing nothing more than the settlement figure they proposed for Plaintiff VILELLA's individual claims. *See* **Exhibit A**.  Plaintiff's counsel also recognized the offer as containing all necessary terms and presented the offer to Plaintiff VILELLA, who then accepted the offer binding Defendants to *their* proposed agreement. *See Tractebel Energy Mktg. v. AEP Power Mkt.,* 487 F.3d 89, 96 (2d Cir. 2007) ("The law of New York is clear that a contract will not fail for indefiniteness unless the matters left open are material. As the details left to be worked out in the Protocol are not material, and since TEMI has not suggested that any other material terms are missing.").  Further, no additional discovery as to Plaintiff VILELLA's claims has been sought or provided since the settlement. However, as an opt-in plaintiff, Plaintiff HEIDI ABUNDIZ joined the matter on November 11, 2023, and others have since joined after her. A complete stay of discovery would have been improper. Thus, the second factor weighs in favor of enforcement.

The third factor has been framed as "whether there was 'literally nothing to negotiate.'" *Argentina*, 940 F.3d at 831 (quoting *Winston*, 777 F.2d at 82 (internal citations omitted)). The Second Circuit has since clarified that the third *Winston* factor focuses on whether the parties agreed on "**all material terms[.]**" *See Est. of Andrea Brannon v. City of New York,* 2016 U.S. Dist.

LEXIS 31017, at *3 (S.D.N.Y. Mar. 10, 2016). The most important term of a settlement agreement is the settlement amount. *See Gildea,* 378 F. Supp. 2d at 161. Once the parties "have agreed on the settlement amount, courts often find that this factor favors enforcement even when the parties are still negotiating additional terms." *Morales v. Bund Inc.*, 2023 U.S. Dist. LEXIS 185737, *8 (E.D.N.Y. 2023) (enforcing an agreement memorialized by emails where the material term of the settlement amount had been agreed upon); *See Lopez,* 242 F. Supp, 2d at 394 (enforcing settlement where parties agreed to settlement amount but were negotiating terms that were neither substantial nor material).

In accordance with the above, the essential and material term, settlement amount, was agreed upon. Defendants offered the monetary amount to be paid and Plaintiff VILELLA accepted. *See* **Exhibit A**. At no point prior to Plaintiff VILELLA accepting Defendants' offer, did Defendants alert Plaintiff VILELLA of any outstanding issues to be negotiated. In fact, Defendants' email embodied the essential terms of the settlement in their offer to Plaintiff VILELLA including the amount. *See* Declaration of C.K. Lee ¶ 6; *See also* **Exhibit A.** Despite Defendants' offer and Plaintiff VILELLA's acceptance of the settlement on an individual basis absolving Defendants' liability to Plaintiff VILELLA, Defendants now refuse to follow through on this deal. Defendants acknowledge the offer and acceptance but attempt to argue that the claims of others somehow regulate Plaintiff VILELLA's individual settlement agreement. *See* **Exhibit C** ("[N]o agreement was reached as a result of the addition of a new plaintiff").  However, the possibility that others would sue was ever-present and has no bearing on the offer of "*$70,000 to resolve Plaintiff's individual claims*." See **Exhibit A** (emphasis added).

Defendants now refuse to honor Plaintiff VILELLA's original individual settlement due to reasons with no bearing on basic contractual principles. *See* **Exhibit C**.  Specifically, Defendants now claim that the inclusion of new opt-in Plaintiff Heidi Abundez (Consent filed 11/13/23), which

occurred over a week after Defendants' individual offer to Plaintiff VILELLA was accepted (Acceptance Served 11/5/23), operates as a ground to invalidate the agreement between Defendants and Plaintiff VILELLA. There exists no contractual principle permitting the revocation Defendants now attempt.  Other employees' claims are not material to the original individual settlement agreement between Plaintiff VILELLA and Defendants. Third-party joining the litigation cannot constitute a valid reason to renege on the Plaintiff's VILELLA's individualized agreement. *Conway*, 236 F. Supp. 2d at 250; *see also Jericho Grp. Ltd.*, 2016 U.S. Dist. LEXIS 168665, at *16 (agreement was complete once material terms were settled).  Further, case law is clear, new opt-in Plaintiffs may not be used as a reason to revoke a previously offered individualized settlement. *See Guzman v. 26 Motors Corp. et al*, Case No. 1:23-cv-00283, Dkt. 27 (S.D.N.Y. June 1, 2023) (Upholding individual Rule 68 settlement offer and entering judgment despite defendants' attempt to revoke the offer in light of a new opt-in plaintiff). There exists no contractual principle permitting the revocation Defendants now attempt.  Thus, the third factor weighs in favor of enforcement.

The fourth factor (whether the agreement at issue is the type of contract that is usually committed to writing) does not militate against enforcement. While settlement agreements are generally recorded in writing, the essential terms of the agreement were memorialized in the parties' emails. Declaration of C.K. Lee ¶¶ 6-9; *see also* **Exhibit A.** Furthermore, the draft agreement was sent to Defendants contained the essential terms of the agreement. *Conway*, 236 F. Supp. 2d at 251-52 (enforcing settlement agreement where "the written draft of the settlement had essentially been finalized," because the terms were "substantially complete" and "largely reduced to writing") (quoting *Alvarez*, 146 F. Supp. 2d at 337); *Guardian Life Ins.*, 2014 WL 61475 at *3 (requiring resisting party to sign settlement agreement where "[t]he terms of the written settlement agreement that the plaintiff seeks to have executed are materially identical to the terms of the oral

agreement reached by the parties"). The settlement agreement at bar was not a hastily-discussed agreement whispered between counsel in the hallway – instead, this was a settlement agreement that took months to reach after a formal mediation process and settlement conference, assisted greatly by the Court. A "preliminary" agreement is fully enforceable even when "the parties desire a more elaborate formalization of the agreement. The second stage is not necessary, it is merely considered desirable." *Hostcentric Techs.,* 2005 WL 1377853 at *5 (quoting *Teachers Ins. & Annuity Assoc. of Am. v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987)). Thus, the fourth factor does not militate against enforcement.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court recognize that this case has been settled for the amount offered and accepted, and enforce the settlement agreement with any non-material terms to be set by the Court.

Dated: New York, New York
      February 13, 2024

Respectfully submitted,
**LEE LITIGATION GROUP, PLLC**

By:   */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)
       Lee Litigation Group, PLLC
       148 West 24th, 8th Floor
       New York, NY 10011
       Tel: (212) 465-1188
       Fax: (212) 465-1181
       *Attorneys for Plaintiff, FLSA Collective*
       *Plaintiffs, and the Class*