```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ASHLEY VILELLA et al.,                                                 :
                                                                       :
                              Plaintiffs,                              :
                                                                       :    23-cv-2291 (LJL)
              -v-                                                      :
                                                                       :    MEMORANDUM AND
PUP CULTURE LLC, et al.,                                               :         ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2023

LEWIS J. LIMAN, United States District Judge:

Defendants move to disqualify the Lee Litigation Group ("LLG") and attorney C.K. Lee from representing the Plaintiff, any opt-ins in this case, and any members of the collective or potential class. Dkt. No. 103. For the following reasons, the motion is denied.

## BACKGROUND

Familiarity with the prior proceedings in this case is presumed. Plaintiff Ashley Vilella ("Vilella" or "Plaintiff") filed this case on March 17, 2023, as a putative collective and class action, complaining of violations of the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL") against Pup Culture LLC and its owner ("Defendants"). Dkt. No. 1. On September 28, 2023, Plaintiff filed a First Amended Complaint. Dkt. No. 48. On November 17, 2023, the Court granted Plaintiff's motion for conditional certification of the case as a FLSA collective action under 29 U.S.C. § 216(b). Dkt. No. 69. Twelve persons (in addition to Vilella) have joined the action. Dkt. Nos. 60, 75–80, 82–83, 86–99. Through the entirety of this litigation, Vilella has been represented by C.K. Lee, Esq., of LLG.

**DISCUSSION**

The motion to disqualify grows out of settlement discussions conducted by C.K. Lee with Defendants to settle the case on behalf of Vilella. The parties engaged in settlement discussions to resolve this case on an individual basis before Plaintiff filed her motion for conditional certification, culminating in an email from Defendants on November 5, 2023, in which Plaintiff stated that she was accepting Defendants' settlement offer. *See* Dkt. No. 109 at 2–6 (describing the settlement negotiations). Ultimately, the parties were unable to consummate the settlement. Plaintiff moved for an order compelling Defendants to enforce the settlement. Dkt. No. 89. By Memorandum and Order of March 19, 2024, the Court rejected Plaintiff's contention that the parties had reached a settlement and denied her motion to enforce the settlement. Dkt. No. 109. In their motion to disqualify, Defendants argue that C.K. Lee and LLG, by moving to enforce the settlement between Vilella and Defendants, created an impermissible conflict of interest with their representation of the FLSA collective and any Rule 23 class that is certified in this case, requiring the disqualification. *See* Dkt. No. 105.

Disqualification motions are committed to the discretion of the district court. *See, e.g.*, *Cheng v. GAF Corp.*, 631 F.2d 1052, 1055 (2d Cir. 1980), *vacated on other grounds*, 450 U.S. 903 (1981). "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005). "In deciding whether to disqualify an attorney, a district court must balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010) (quoting *Hempstead Video*, 409 F.3d at 132). In general, "motions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation." *Revise Clothing, Inc.*

2

*v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010). The Second Circuit has held that disqualification motions should generally be granted "only in essentially two kinds of cases: (1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage." *Bd. of Educ. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) (internal citations omitted).[1] "[U]nless an attorney's conduct tends to 'taint the underlying trial,' by disturbing the balance of the presentations in one of the two ways indicated above, courts should be quite hesitant to disqualify an attorney." *Id.* (quoting *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir. 1976)); *see also United Sates v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) ("[D]isqualification is called for only where 'an attorney's conduct tends to taint the underlying trial' because federal and state disciplinary mechanisms suffice for other ethical violations." (quoting *Nyquist*, 590 F.2d at 1246)); *Razzoli v. City of New York*, 2021 WL 162029, at *1

---

[1] Canon 4 instructs that "[a] lawyer should preserve the confidences and secrets of a client." *Nyquist*, 590 F.2d at 1246 n.7. Canon 5 states that "personal interests, the interests of other clients, nor the desires of third persons should be permitted to dilute the lawyer's loyalty to the client," and restricts representation of multiple clients with potentially differing interests and acting as an advocate-witness. Canon 9 requires that attorneys guard against appearances of impropriety, but "[t]he Second Circuit has repeatedly warned . . . that Canon 9, standing alone, does not warrant attorney disqualification in this Circuit." *Bass Pub. Ltd. Co. v. Promus Co. Inc.*, 1994 WL 9680, at *9 (S.D.N.Y. Jan. 10, 1994). Effective April 1, 2009, the Appellate Divisions of the Supreme Court of the State of New York adopted the New York Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 *et seq.*, ("NYRPC"), replacing the New York Lawyers' Code of Professional Responsibility. Canon Four of the Code of Professional Responsibility was replaced by parts of Rules 1.6 and 1.8, Canon Five was replaced by parts of Rules 1.7, 1.8, 1.9, and 1.10, and Canon Nine was replaced by parts of Rules 1.4, 1.10, 1.11, 1.12, and 1.15.

(S.D.N.Y. Jan. 19, 2021); *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, 366 F. Supp. 3d 567, 571 (S.D.N.Y. 2019). "A client whose attorney is disqualified incurs a loss of time and money in being compelled to retain new counsel who in turn have to become familiar with the prior comprehensive investigation which is the core of modern complex litigation." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). "The Court's role, therefore, is not to police each and every violation of professional rules, but rather to ensure that the proceeding before it is free from taint." *Streichert v. Town of Chester*, 2021 WL 735475, at *4 (S.D.N.Y. Feb. 25, 2021).

Defendants' disqualification argument is predicated on Rule 1.7(a) of the New York Rules of Professional Conduct which addresses concurrent representation of clients. Rule 1.7(a) provides that, with certain enumerated exceptions, "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." NYRPC 1.7(a). Rule 1.7(b) sets forth the exception for when a lawyer may represent two clients with different interests. It provides:

> Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > the representation is not prohibited by law;
> >
> > the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> >
> > each affected client gives informed consent, confirmed in writing.

NYRPC Code 1.7(b). One established ground for disqualification is concurrent representation, an attorney's simultaneous representation of one existing client in a matter adverse to another

4

existing client. *See GSI Com. Sols.* 618 F.3d at 209–10; *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976).

Defendants argue that LLG and C.K. Lee put themselves in a position where the interests of their one client, Vilella, conflicted with the interests of their other clients, members of the collective who have opted in, as well as potential clients who are members of a yet-to-be-certified Rule 23 class, because the granting of the motion to enforce the settlement would "reduce[] the eligible pool of funds available to the other named plaintiffs, the collective, and potential class members, assuming the Court finds it is valid and enforceable." Dkt. No. 105 at 6. Defendants assert: "Notwithstanding the defects of the purported agreement, counsel is arguing to materially reduce the potential recovery from the additional named plaintiff and 11 opt in plaintiffs for the sole benefit of Plaintiff Vilella." *Id.* Defendants also note that Plaintiff's counsel would stand to be awarded attorney's fees if the motion were granted. *Id.* at 6–7.

Defendants' arguments are without merit. Defendants' motion is premised on the notion that there exists a limited pool of funds to which each member of the FLSA collective and each putative member of the class has access and that the interests of collective and class members other than Vilella will be compromised by LLG and C.K. Lee's concurrent representation of Vilella and themselves. But neither prong of that argument is well-supported. Defendants have not put forth evidence that there exists a limited pool of funds that would be insufficient to satisfy the FLSA claims of each member of the FLSA collective and each putative member of a Rule 23 class. And, even if there were such evidence, neither Vilella nor any collective or putative class member has a current liquidated right to any funds in the possession of Defendants. Rather, each has only an unlitigated claim to some undetermined sum on which they would have a right to collect if they were to prevail in the litigation. *See, e.g., Tartaglia v.*

5

*City of New York*, 1999 WL 151104, at *2 (S.D.N.Y. Mar. 19, 1999) (allowing joint representation where "[a]s the litigation now stands, [the parties] share an interest in" addressing opposing's side's allegations); *Marichal v. Attending Home Care Servs., LLC*, 432 F. Supp. 3d 271, 279 (E.D.N.Y. 2020) ("In a FLSA 'collective action', . . . each FLSA plaintiff is free to settle or litigate his or her own claim regardless of what the original plaintiff or his/her counsel does." (quoting *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1116 (D. Colo. 2017))); *see also* 7B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1807 (3d ed. 2010) ("[A]lthough the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim."). Vilella and each member of the collective and each putative class member is identically situated in that respect. *See, e.g.*, *Almanzar v. C&I Assocs., Inc.*, 175 F. Supp. 3d 270, 279 n.3 (S.D.N.Y. 2016) ("Individuals who have opted-in to a FLSA collective action have 'party status' and are able to advance their own claims."). And because each is similarly situated each presumably has the identical interest—and not conflicting interests—in proving their cases against Defendants. *See, e.g.*, *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) (restaurant employees, as named plaintiffs, did not have conflict of interest with proposed collective members who were former bussers and runners preventing certification).

Thus, Defendants' argument amounts to the claim that because LLG and C.K. Lee entertained a settlement offer to their individual client before a FLSA collective was conditionally certified and because they sought to enforce that settlement after the FLSA collective was conditionally certified, they placed themselves in a conflicted position with respect to the other employees whom they sought to represent. But Defendants offer no support

for that extreme position.  The concurrent representation that the NYRPC prohibits is "representation [that] will involve the lawyer in representing differing interests" or where "there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property, or other personal interests."  NYRPC 1.7(a).  It does not prohibit a lawyer who represents more than one client asserting identical claims against a defendant from settling the claim on behalf of one of her clients, while continuing to litigate on behalf of the remainder of her clients.  *See, e.g.*, *Galante v. Mercedes Benz of Massapequa, LLC*, 2022 WL 1019007, at *5 (E.D.N.Y. Jan. 20, 2022); *see also Infantino v. Sealand Contractors, Corp.*, 2023 WL 3956793 (W.D.N.Y. June 12, 2023); *Tour Tech. Software, Inc. v. RTV, Inc.*, 2018 WL 3682483, at *4–5 (E.D.N.Y. Aug. 2, 2018).  "The 'possibility that future conflicts of interest may arise does not require' disqualification."  *All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund*, 2010 WL 2243351, at *4 (E.D.N.Y. June 1, 2010) (quoting *Drag Racing Techs., Inc. as D.R.T., Inc. v. Universal City*, 2003 WL 1948798, at *4 (S.D.N.Y. Apr. 24, 2003)).  Nor would it prevent counsel, once he negotiated a settlement agreement that he believed to be enforceable, from asking a court to enforce the agreement.

Indeed, were it to be accepted, Defendants' argument would put them "in the driver's seat, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016), with respect to whether any case could proceed on a collective- or class-action basis.  An enterprising defendant, anxious to defeat collective claims, could always offer a settlement to the named plaintiff on an individual basis.  Plaintiff's counsel would be ethically obliged to present the agreement to his client, NYRPC 1.4(a), and, if defendants reneged after plaintiff accepted, would be obliged to protect its clients' interests, including in bring an action to enforce the settlement.  On Defendants' theory, however, that very conduct in proffering and then reneging upon a settlement offer would place

7

plaintiff's counsel in a conflicted position where it could never represent anyone other than the individual plaintiff. A class or collective action could never go forward because each time a lawyer stepped forward to represent the named plaintiff the same conduct could recur. Defendants do not cite a single case that would support such an absurd result that might work to the benefit of a defendant but only to the great detriment of both the collective or putative class and the individual plaintiff.

Only two additional points need be made. First, to Defendants' argument that Plaintiff's counsel had a financial interest in Vilella's settlement in the form of attorney's fees, it need only be said that counsel would receive fees only if Vilella received compensation for the harms allegedly done to her and even then only if the Court determined the fees to be fair and reasonable. *See, e.g.*, *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). And, as to the interests of any potential class, (1) Defendants will have the opportunity to challenge the adequacy of counsel at the class certification stage if this case progresses that far, Fed. R. Civ. P. 23(a)(4); and (2) if the case is settled on a class basis, counsel will have to disclose any agreements made in connection with a settlement proposal, including provisions for "success fees" to the named plaintiff, Fed. R. Civ. P. 23(e)(3), those provisions will be subject to the settlement approval process, and no attorney's fees will be awarded from the class except upon the approval of the court, *see* Fed. R. Civ. P. 23(h). In short, the provisions of Rule 23 themselves protect against any conflict of interest in the event that a Rule 23 class is certified. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016).

Defendants also argue that LLG and C.K. Lee should be disqualified for lack of candor to the court, which is an obligation imposed by Rule 3.3 of the NYRPC, and for lack of fairness to

the opposing party and counsel, which is an obligation imposed by Rule 3.4 of the NYRPC. Dkt. No. 105 at 7–10. The claims arise out of Plaintiff's counsel's conduct in litigating the motion to enforce the settlement. Counsel presented to the Court an email exchange in which Defendants extended an offer and Plaintiff purported to accept it without providing the Court the broader context that made clear that there was no meeting of the minds, at least on the terms argued by Plaintiff. Dkt. No. 91-1. Defendants argue that Plaintiff's presentation showed a lack of candor to the Court in violation of NYRPC 3.3, and that, by failing to provide Defendants (then represented by new counsel), with the entirety of the relevant communications, Plaintiff acted unfairly to Defendants in violation of NYRPC 3.4. Dkt. No. 105 at 7–10.

Defendants' arguments are without merit. As a threshold matter, "a violation of an ethical rule alone is not sufficient to merit disqualification." *GateGuard, Inc. v. Goldmont Realty Corp.*, 641 F. Supp. 3d 86, 73 (S.D.N.Y. 2022) (citing *GSI Com. Sols.*, 618 F.3d at 209). Save for where the attorney's misconduct threatens to taint the underlying trial, violations of ethical rules "can be left to federal and state disciplinary mechanisms." *Hempstead Video*, 409 F.3d at 132. Counsel's past conduct presents no risk of tainting the trial. As relevant here, Rule 3.3(a) of the NYRPC provides that a lawyer shall not knowingly make a false statement of fact or law to a tribunal or offer or use evidence that the lawyer knows to be false. NYRPC Rule 3.3(a); *see also Mason Agency Ltd. v. Eastwind Hellas SA*, 2009 WL 3169567, at *2 (S.D.N.Y. Sept. 29, 2009). Such conduct may give rise to a disciplinary action. In addition, a lawyer who violates these rules may be subject to sanctions. *See In re Demetriades*, 58 F.4th 37, 41 (2d Cir. 2023); *Mok v. 21 Mott St. Rest. Corp.*, 2017 WL 3981308, at *5 (S.D.N.Y. Sept. 8, 2017); Fed. R. Civ. P. 11(b)(3). The Court cannot say that LLG and C.K. Lee acted with a lack of candor to the Court and the evidence falls far short of establishing that counsel acted unfairly to their

adversary. In her motion to enforce the settlement, Plaintiff did not argue or suggest that the two emails upon which she based her claim were the sole communications between the parties relating to the settlement. She argued that those emails were sufficient to establish that there was an offer and acceptance and thus a settlement. *See* Dkt. No. 90. Although the Court ultimately concluded that Plaintiff's argument was without merit because additional communications shed light on the two emails upon which Plaintiff relied, Plaintiff did not lie or mislead the Court or present it with false evidence. *Cf. Dareltech, LLC v. Xiaomi Inc.*, 2019 WL 10966202, at *5 (S.D.N.Y. Apr. 11, 2019). The adversarial process worked—both sides presented the arguments in the light most favorable to their client's position. But, in any event, regardless of whether LLG and C.K. Lee were as forthright as they could have been, the past conduct of counsel in litigating the motion to enforce the settlement does not present the risk of trial taint sufficient to warrant disqualification.

Defendants' argument under Rule 3.4 is even odder. That rule bars a lawyer from suppressing evidence that the lawyer or the client has a legal obligation to reveal or produce or "conceal or knowingly fail to disclose that which the lawyer is required by law to reveal." NYRPC 3.4. But the evidence that counsel supposedly concealed were the communications from Defendants themselves. Not only was counsel not required to disclose that evidence, but Defendants had it at their disposal. *Cf. GateGuard*, 641 F. Supp. 3d at 73. Indeed, when Plaintiff's counsel presented the emails upon which Plaintiff was relying to Defendants, Defendants stated that they would be consulting with prior counsel and obtaining all relevant communications from that counsel. Dkt. No. 113 ¶¶ 3–4. Plaintiff's counsel held off moving to enforce the settlement until defense counsel collected that information. *Id.* ¶ 5. Not only is there

10

no risk of trial taint, there also is no evidence of an ethical violation. Accordingly, disqualification is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to disqualify counsel is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 103.

SO ORDERED.

Dated: April 2, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge